## SMITH v. BROWN et al.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Richard L. Garnett, Glasgow, for appellant.

Brents Dickinson, Jr., Glasgow, for appellees.

COMBS, Justice.

The appellant, B. W. Smith, filed this suit against appellees to collect a note and enforce a mortgage in the amount of $5,-150. He admitted a credit of $500 on the principal of the note but appellees claimed they were entitled to additional credits. This was the only issue in the case.

On motion of appellees the issue was heard by a jury. The jury found appellees were entitled to credits in the amount of $1,673, in addition to the $500 credit admitted by appellant. The court adopted the jury's verdict as his finding and entered judgment accordingly. Appellant insists that the part of the judgment allowing the additional credits is erroneous.

We are first confronted with a question of procedure. After the jury returned its verdict, the appellant in due time filed a pleading, designated a "motion." In the first part of the motion the court was requested to "set aside the verdict of the jury and enter a judgment notwithstanding the verdict." The remainder of the motion is in the form ordinarily used in a motion and grounds for a new trial. The reasons assigned as the basis for the motion are those usually contained in a motion and grounds for a new trial. The prayer is that the verdict of the jury be set aside and for "judgment notwithstanding said verdict." The appellees contend this does not meet the requirements of a motion and grounds for a new trial, and have requested us to strike the bill of exceptions. Strictly speaking, appellant's pleading is a motion for judgment notwithstanding the verdict, but it also meets the basic requirements of a motion and grounds for a new trial. The motion to strike the bill of exceptions is overruled, and the points urged by appellant for reversal of the judgment will be considered.

It is first contended that the court erred in granting the issue out of chancery. The parties had previously agreed to try the case orally before the court and appellees' motion for a jury was not made until the morning of the trial. The appellant argues that appellees were bound by their agreement to try the case without a jury. We do not agree. This was a matter of procedure and appellees had the right to change their position providing this could be done without prejudice to the rights of appellant. We are unable to see how his rights were prejudiced. Conceivably, he might have been entitled to a continuance upon a proper showing of surprise or lack of preparation to try the issue before a jury. But no motion for a continuance was filed. By his failure to make such a motion appellant in legal effect elected to take his chances with the jury. Furthermore the jury's verdict was only advisory and the court was not required to adopt it.

The other points raised by appellant go to the weight of the evidence. We have considered the evidence carefully and are of the opinion it supports the judgment. Certainly it cannot be said that the judgment is against the weight of the evidence.

The appellees were able to furnish only the approximate dates of some of the payments for which they were given credit, and the jury's verdict is silent as to the dates of the payments. These dates were fixed by the chancellor in his judgment by taking the median of the estimates of the witnesses. The question is important only in the calculation of interest, and, since the chancellor had no means of establishing the dates with arithmetical accuracy, he was justified in using the method he did as a basis for the calculation of interest.

The judgment is affirmed.